IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOMENIC TRICOME,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| **SUCCESS TRADE SECURITIES**, | : | |
| **ONLINE BROKERAGE SERVICES**, | : | |
| formerly known as Global Tradz, **FUAD** | : | No. 05-4746 |
| **AHMED, CHRISTOPHER CAMPBELL**, | : | |
| **DARREN MENAKER**, **KEVIN OVERY**, | : | |
| **DANIEL ZALESKI**, and | : | |
| **MARGARET ZIEGLER**, | : | |
| Defendants. | : | |

<u>**MEMORANDUM AND ORDER**</u>

**Schiller, J.**                                                                                                       May 25, 2006

In this action Plaintiff Domenic Tricome asks the Court to vacate the ruling of a National Association of Securities Dealers, Inc. ("NASD") arbitration panel. Defendants Online Brokerage Services, Inc., Christopher Campbell, Kevin Overy and Daniel Zaleski ("Online Brokerage Defendants") oppose Tricome's request and have filed a motion to dismiss. Defendants Success Trade Securities, Inc., Fuad Ahmed, Margaret Ziegler and Darren Menaker ("Success Trade Defendants") have filed a separate motion to dismiss. These motions to dismiss are presently before the Court, and they are granted for the reasons discussed below.

**I.      BACKGROUND**

In September 2005, Plaintiff Domenic Tricome filed a pro se Complaint alleging that Defendants "have committed securities fraud by knowingly and willingly allowing a flaw in their online software to exist for years without any communication of that to their customers and the SEC." (Compl. at 2.) Tricome was a customer of Defendant Success Trade Securities ("STS").

(Success Trade Defs.' Mem. at 3.) STS, a broker-dealer, utilizes software called Success Trader that allows its customers to buy and sell publicly traded stock over the Internet using a margin account.[1] (*Id.*)  Tricome avers he lost money on trades due to a flaw in the Success Trader software that allowed him to make purchases in excess of the amount of money in his account. (Compl. at 2.) Specifically, Tricome alleges that: (1) "Success Trade, Ahmed and Menaker lied about the performance of the software;" (2) "Success Trade and Ziegler were negligent in not keeping track of a plummeting stock while Plaintiff was on the phone due to the malfunction of the software;" and (3) "Online Brokerage Services, Campbell, Overy and Zaleski knew about the software. They used it and told the Plaintiff. They have conspired to withhold evidence." (*Id.*)

In September 2004, Tricome filed an arbitration claim before the NASD, alleging negligence and fraud related to the Success Trader software. (Online Brokerage Defs.' Mem. at 1 & Ex. B (NASD Dispute Resolution Report on Tricome Matter) at 2.)  The respondents filed motions to dismiss, to which Tricome filed responses. (Online Defs.' Mem. Ex. B at 1-2.) On May 25, 2005, the NASD panel dismissed Tricome's claim with prejudice following a pre-hearing telephone conference. (*Id.* at 2.) The panel also recommended expunging all reference to the Tricome matter from the NASD registration records of Ahmed, Zaleski, Menaker, Overy, Campbell and Ziegler. (*Id.*)

In the present action, Tricome seeks to overturn the arbitration panel's ruling, asserting: "The NASD arbitrators are guilty of misconduct . . . . They didn't even grant a hearing . . . . [during the phone telephone conference] the Arbitrators didn't know what the case was about, which includes probably never reading a document (still). . . . The Plaintiff feels there was bias, because the

---

[1] Ahmed is STS' President, and Ziegler and Menaker are former STS employees. (*Id.*)

2

Defendants had lawyers." (Compl. at 3.) All the defendants seek dismissal of this action because the Complaint does not set forth a basis for overturning the findings of the arbitration panel. (Success Trade Defs.' Mot. to Dismiss at 2; Online Defs.' Mem. at 1.) The Success Trade Defendants also seek dismissal due to res judicata and lack of subject matter jurisdiction because Tricome has filed the action as a complaint rather than as an appeal. (Success Trade Defs.' Mot. to Dismiss at 2.) In addition, the Online Brokerage Defendants assert that they had no connection to Tricome's unsuccessful trades. (Online Defs.' Mem. at 1.) According to the Online Brokerage Defendants, Tricome's sole allegation against them is that they used the same software as he did and commented on it, and thereby "they somehow conspired to keep secret the fact that a certain trading program may or may not have worked." (*Id*. at 1, 3.)

Tricome's response to the Online Brokerage Defendants' motion to dismiss states: "When Arbitrators state that going above the margin, basically a loan, is OK, that's nuts." (Pl.'s Answer to Online Brokerage Defs.' Mot. to Dismiss at 3.) Tricome's response to the Success Trade Defendants' motion to dismiss elaborates slightly. It states, in relevant part:

> When Arbitrators' [sic] compare going above the margin to a loan for "buying a fur," and ask questions that make it clear they have not read all if not any of the information submitted, that is not just misconduct, it's insane. The Arbitrators acted like it is common knowledge that one can over buy. The Plaintiff doesn't know one person that knows that. The Arbitrators' notes should be made available.

(Pl.'s Answer to Success Trade Defs.' Mot. to Dismiss at 3.)

Because Tricome's responses lack clarity and he is appearing pro se, on March 27, 2006, the Court afforded him another opportunity to explain the merits of his appeal. (Order, Mar. 27, 2006.) The Court ordered Tricome to show cause "why this case should not be dismissed by filing an explanation of why the NASD arbitration panel's decision should be vacated." (*Id*.) The portion

3

of Tricome's response that is relevant to the Court's inquiry reads:

> When the arbitrators ask questions as if they have no knowledge of the case, and refer to "over-buying" being like "buying a coat" (a fur, if the Plaintiff remembers correctly), it's not a stretch to conclude that the arbitrators were negligent. Further, they acted like "over-buying" was as well documented as the margin, which in itself has to be viewed as bizarre to say the least; that is, borrowing money to buy stock; but then having to pay for that stock or sell it before the day's over or get a penalty. From these, it can easily be concluded that there is a bios [sic] against outsiders. Regardless of the NASD's assertion and effort, arbitrators are insiders. The Plaintiff was an obvious outsider in the NASD proceedings, and had no chance of winning given everybody but he knew about over-buying. The arbitrators were actually slightly indignant about the Plaintiff not knowing it. . . . Why is there no arbitrator that is truly an outsider to allow a full and proper perspective?

(Plaintiff's Answer to J. Bernard [sic] Schiller's Order ¶¶ 1, 3.)

## II. STANDARD OF REVIEW

Generally, a court may not review the merits of an arbitration ruling on appeal. *See Parsons v. Blue Ridge-Winkler Textiles*, 517 F. Supp. 422, 425 (E.D. Pa. 1981) ("Courts will uphold arbitration awards even if the arbitrator made erroneous findings or misinterpreted the law or the facts."). A district court may vacate an arbitration award only in very limited circumstances of corruption or misconduct by the arbitrators. *See Litvak Packing Co. v. United Food & Commercial Workers*, 886 F.2d 275, 276 (10th Cir. 1989) ("[A court's] review of arbitration awards is among the narrowest known to the law."); *see also* 9 U.S.C. § 10(a) (2006). Specifically, 9 U.S.C. § 10(a) provides that:

> [T]he district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and

> material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition to these statutory grounds, a court may vacate an arbitration award if it reveals a manifest disregard of the law or is fundamentally irrational. *See Tanoma Mining Co. Inc. v. Local Union No. 1269, United Mine Workers of Am.*, 896 F.2d 745, 749 (3d Cir. 1990) (arbitration decision can be vacated for manifest disregard of law, not for an error of law); *Swift Indus., Inc. v. Botany Indus., Inc.,* 466 F.2d 1125, 1131 (3d Cir. 1972) (court can revise irrational arbitration award).

Because Tricome is acting pro se, the Court must liberally construe his pleadings and "apply the applicable law, irrespective of whether [he] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (*quoting Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999)). Courts, however, are not obligated to credit a party's "bald assertions" or "legal conclusions." *In re: Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997) (citation omitted).

### III.   DISCUSSION

As a threshold matter, the Court notes that it considers Plaintiff's pro se action as an appeal and motion to vacate the NASD arbitration award. (Order, Mar. 27, 2006 (*citing Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) ("A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation, and trial judges must make some effort to protect a party so appearing . . . .").)

Although the bulk of Tricome's pleadings address the merits of the arbitration panel's ruling, he also mentions misconduct, partiality and incompetence by the arbitrators. Tricome argues that the arbitrators "didn't even grant a hearing." (Compl. at 3.) However, arbitrators may grant a motion to dismiss without holding a full evidentiary hearing. *See Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001); *Warren v. Tacher*, 114 F. Supp. 2d 600, 602 (W.D. Ky. 2000). In *Sheldon v. Vermonty*, the Tenth Circuit affirmed the confirmation of an arbitration award in which the arbitration panel granted broker-dealers' motions to dismiss following a telephone hearing. 269 F.3d at 1207. As Tricome argues here, the *Sheldon* plaintiff claimed that he was denied a fundamentally fair hearing because the arbitration panel exceeded its authority by dismissing his claims based only on the pleadings and telephone hearing related to the motions to dismiss. *Id*. at 1205-1206. The Tenth Circuit rejected this claim and held that "a NASD arbitration panel has full authority to grant a pre-hearing motion to dismiss with prejudice based solely on the parties' pleadings so long as the dismissal does not deny a party fundamental fairness." *Id*. at 1206.

Similarly, in *Warren v. Tacher* the plaintiffs asserted that arbitrators engaged in misconduct and exceeded their powers by dismissing claims after briefs were submitted and oral argument was held on a motion to dismiss, but prior to discovery and a full evidentiary hearing. 114 F. Supp. 2d at 602. The *Warren* court recognized the authority of NASD arbitrators to grant pre-hearing dismissals for failure to state a claim, and it noted that a panel's refusal to hear evidence is insufficient to overturn an arbitration award. *Id*. The court held that "[p]etitioners must also show that the excluded evidence was material to the panel's determination and that the arbitrator's refusal to hear the evidence was so prejudicial that the party was denied fundamental fairness." *Id*. Because the plaintiffs did not meet this burden, their claim of arbitrator misconduct failed. *Id*. at 602-603.

Tricome presents no evidence of arbitrator misconduct or partiality in this case. Tricome was not denied fundamental fairness because he was given opportunities to respond to the motions to dismiss that were before the arbitration panel, both in writing and during the telephone conference. Moreover, Tricome does not identify any material evidence that the panel failed to consider. Tricome's allegations of arbitrator misconduct are merely bald assertions, and therefore they cannot provide the basis for this Court to vacate the arbitration panel's ruling. *See Riley v. Jeffes*, 777 F.2d 143, 148 (3d Cir. 1985) (Pro se complaint should be dismissed if the plaintiff presents only vague and conclusory allegations.).

## IV.    CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's appeal and motion to vacate the arbitration award and grants the motions to dismiss all claims against Defendants with prejudice. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOMENIC TRICOME,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| **SUCCESS TRADE SECURITIES**, | : | |
| **ONLINE BROKERAGE SERVICES**, | : | |
| formerly known as Global Tradz, **FUAD** | : | No. 05-4746 |
| **AHMED, CHRISTOPHER CAMPBELL**, | : | |
| **DARREN MENAKER**, **KEVIN OVERY**, | : | |
| **DANIEL ZALESKI**, and | : | |
| **MARGARET ZIEGLER**, | : | |
| Defendants. | : | |

## O R D E R

**AND NOW**, this **25th day** of **May**, **2006**, upon consideration of Defendants' motions to dismiss, Plaintiff's responses thereto, Plaintiff's answer to the Order to Show Cause, and for the foregoing reasons, it is hereby **ORDERED** that:

1. The motions to dismiss (Document No. 4 & Document No. 6) are **GRANTED**.

2. The Clerk of Court is directed to close this case.

BY THE COURT:

*/s/ Berle M. Schiller*

**Berle M. Schiller, J.**